IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
| ROBERTA L. STUTZMAN | : | VIOLATIONS: |
|  | : | 18 U.S.C. § 1344 (bank fraud - 1 count) |
|  | : | 18 U.S.C. § 656 (embezzlement by bank |
|  | : | employee - 1 count) |
|  | : | 26 U.S.C. § 7206(1) (filing a false tax |
|  | : | return - 1 count) |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. Defendant ROBERTA L STUTZMAN was employed by National Penn Bank ("the bank") as Manager of Retail Loan Accounting and Assistant Vice President of Loan Accounting in the Retail Loan Operations Department at the bank's Boyertown branch, located at Philadelphia& Reading Avenues, Boyertown, Pennsylvania.

2. In her capacity as manage and assistant vice president, defendant ROBERTA L. STUTZMAN was responsible for Accounting in the Retail Loan Operations Department. As a Manager, she was responsible for processing new loan information, and monitoring and processing transactions to the suspense general ledger accounts. She had access to the computer system that allowed her to create new loans and to adjust amounts in the suspense accounts. She also had override authority on the system and was able to create and process certain adjustments.

3. National Penn Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, Certificate No. 7414-4.

4. From in or about 1996 to in or about December 2008, in the Eastern District of Pennsylvania, defendant

**ROBERTA L. STUTZMAN**

knowingly executed, and attempted to execute, a scheme to defraud National Penn Bank, and to obtain monies owned by and under the care, custody, and control of that bank by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

5. Defendant ROBERTA L. STUTZMAN fraudulently opened two lines of credit under false names and two lines of credit under her name and her husband's name.

6. Defendant ROBERTA L. STUTZMAN stole money from these lines of credit to pay off her own debts.  She also transferred money from these lines of credits to other accounts, including accounts in the name of third parties.  These third parties benefitted by receiving substantial money transfers, gifts of jewelry, real property, vehicles and furniture, paid vacations, paid child care expenses, and regular and significant monthly payments of credit card debt, and mortgage debt.

6. Defendant ROBERTA L. STUTZMAN regularly accessed the bank computer database to delete the accrued interest on the fictitious lines of credit.

7. Through this scheme, defendant ROBERTA L. STUTZMAN stole and misappropriated, and concealed accrued interest, in the total amount of approximately $4,414,538.00 from the bank.

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT**:

From in or about 1996 to in or about December 2008, in the Eastern District of Pennsylvania, defendant

**ROBERTA L. STUTZMAN**

being an employee, that is a Manager of Retail Loan Accounting and Assistant Vice President of Loan Accounting in the Retail Loan Operations Department, of National Penn Bank, located at Philadelphia & Reading Avenues, Boyertown, Pennsylvania, the accounts of which were insured by the Federal Deposit Insurance Corporation, Certificate No. 7414-4, knowingly embezzled, abstracted, purloined and willfully misapplied at least $4,414,538.00 of funds and monies intrusted to the custody and care of National Penn Bank.

In violation of Title 18, United States Code, Section 656.

## COUNT THREE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

On or about April 15, 2008, in the Eastern District of Pennsylvania, defendant

**ROBERTA L. STUTZMAN**

willfully made and subscribed a United States income tax return, Form 1040, for the calendar year 2007, which was verified by a written declaration that it was made under the penalty of perjury and filed with the Director, Internal Revenue Service Center, at Philadelphia, Pennsylvania, which defendant ROBERTA STUTZMAN did not believe to be true and correct as to every material matter, in that the return reported taxable income for herself and her husband, D.S. of $28,931 when in fact, as defendant ROBERTA STUTZMAN well knew, she had not reported approximately $719,571.57 in additional income.

In violation of Title 26, United States Code, Section 7206(1).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  As a result of the violations of Title 18, United States Code, Sections 1344 and 656 set forth in this indictment, defendant

**ROBERTA L. STUTZMAN**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $4,414,538 U.S. currency and:

(1) All of the following personal property:

    a. A 2006 Buick Lucerne CXS, VIN: 1G4HE57YX6U156461

    b. A 2007 Cadillac Escalade, VIN: 1GYFK6897R327565

    c. A 2007 Chevrolet Suburban, VIN: 3GNFK16397G280333

    d. A 2006 BMW Sedan, VIN: WBAVT13556KW22744

    e. A 2008 BMW, VIN: 5UXFE43568L022782

    f. A 2006 Hummer, VIN: 5GTDN136968178517

    g. A 2009 BMW, VIN: WBAUC73549VF25975

    h. BMBR Snowmobiles, VIN: YH2SLS8B48R001062

    i. A Mitsubishi television

    j. A Nikon camera

    k.    Furniture, including wood table and six chairs

    l.    2 Pandora / Troll bracelets

    m.    Strand of chocolate pearls

    n.    2 SS Pandora beads

    o.    Chocolate pearl earrings

    p.    SS Shiny Barrel with gold beads

    q.    Any and all funds in Janney Montgomery Scott, Account Nos. ending the in the last four digits -6507; -5261; -5281; and -3889)

    r.    Any and all funds in National Penn Bank, Account Nos. ending in the last four digits -3562; -4691; -0523; -6095; -8356; -2333; -6468; -8574; -0066; -8573; -2414; -0065; -5638;-2746; -5721; -7689; -4610; -5571; -8356; -0518; -0521; -5720; -2077; -0265; -0267; -0291; -0996; –2578; -3161; -2577; -5571; -8356; -0996; and -2578.

    s.    Any and all funds in Sovereign Bank, Account Nos. -4403; and -7674.

    t.    Any and all funds in Citizens Bank, Account Nos. -2849; -7363; - 4982; -4990; -3969; -5074; -5996; -5083; and -4442.

    u.    Any and all funds in State Street Bank, Account Nos. -5477; and -7961.

    v.    Any and all funds in Superior Credit Union, Account No. - 5100-02.

(2)    All of the following real property:

    a.    42 Hughes Lane,
Jim Thorpe, Pennsylvania;

    b.    1155 Elliot Road,
Albrightsville, Pennsylvania; and

    c.    61 Homestead Drive
Boise, Idaho

      d.      75 Homestead Drive
              Boise, Idaho

      e.      3041 Chestnut Hill Road
              Pottstown, PA

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A).

 

                                                  _____
                                                  **MICHAEL L. LEVY**
                                                  **UNITED STATES ATTORNEY**